IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK JOHNSTON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1698 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.,* | : | |
| | : | |
| Respondents | : | |

### MEMORANDUM

Petitioner Mark Johnston, an inmate confined at the Albion State Correctional Institution ("SCI-Albion") in Albion, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The required filing fee has been paid. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.   Background**

Petitioner challenges the collection of money from his current inmate account for court costs that he was directed to pay as part of a 1996 criminal sentence. He provides the following background facts in his petition:

On July 22, 1996, Petitioner was sentenced by the Lackawanna County Court of Common Pleas to a state prison term of one and a half to three years and also was

directed to pay court costs.  (Doc. 1 at 3.)  He served his prison sentence from 1996 to 1998 and was released without any further request to pay the court costs.  (*Id.* at 3-4.)  On August 26, 2001, Petitioner was arrested on new charges and has been incarcerated since that time.  (*Id.* at 4.)

In December 2001, the Commonwealth of Pennsylvania, by and through the Criminal Division and Lackawanna County Office of Court Collections, filed a petition for contempt requesting that Petitioner be held in contempt for failure to pay court costs and fees totaling $246.00.  (Doc. 1-4 at 3.)  On December 11, 2001, an Order was issued by the Lackawanna County Court of Common Pleas directing Petitioner to show cause why he should not be held in contempt.  (*Id.* at 4.)  The Order provided that a hearing, if necessary, would be held on March 20, 2002.  (*Id.*)

In a petition filed in the Lackawanna County Court of Common Pleas on November 3, 2003, Petitioner alleged that he did not receive notice of the contempt petition until October 1, 2003.  (*Id.* at 6.)  In his habeas petition, he states that he made various inquiries with the Office of Court Collections and with Judge O'Malley's Chambers as to the status of the contempt action.  (Doc. 1 at 4-5.)  He alleges that he received correspondence from the Director of Court Collections dated December 19, 2003 informing him that a contempt hearing would be scheduled prior

to his release from jail on his current sentence. (*Id.* at 5.) Petitioner alleges that money was being deducted from his inmate account at the rate of 20% of all deposits and being transferred to his previous criminal case to pay the court costs. (*Id.* at 6.) Petitioner does not state when the deductions from his inmate account began. He alleges that he was denied the right to be heard in court before funds were deducted from his inmate account to pay the court costs. (*Id.* at 7.)

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part, that, if upon examination of petition, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970); *accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991). The *Allen* Court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Also, it is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

While Petitioner currently is "in custody," he is not collaterally attacking the validity of his state conviction and/or sentence by means of his present habeas petition. He is seeking neither speedier nor immediate release from custody. Rather, he requests that any contempt finding be vacated and that the monies deducted from his inmate account to pay the court costs imposed as part of his 1996 sentence be returned to him. (Doc. 1 at 3.) He also requests "pro-se attorney costs and appropriate compensation." (*Id*.) In the alternative, Petitioner requests remand for a hearing on the contempt petition via teleconference and, in the interim, a suspension of the deduction of funds from his inmate account. (*Id.*) Because Petitioner is challenging the collection of funds from his inmate account without the opportunity to be heard, he appears to be asserting a due process claim. Thus, "habeas corpus is

4

*not* an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993) (quoting *Preiser*, 411 U.S. at 494).

Consequently, the petition will be dismissed without prejudice to any right Petitioner may have to reassert his present claims in a properly filed civil rights complaint.[1] *Alcenat v. FCI Schuykill*, No. Civ. 03:CV-05-2601, 2006 WL 148880, at *2 (M.D. Pa. Jan. 18, 2006); *see Bronson v. Demming*, 56 Fed. App'x 551, 554 (3d Cir. 2002). An appropriate order will issue.

                                                                      s/Sylvia H. Rambo
                                                                      SYLVIA H. RAMBO
                                                                      United States District Judge

Dated: November 28, 2007.

---

[1] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK JOHNSTON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1698 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## **ORDER**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

2. Petitioner may reassert his claims in a properly filed civil rights action.

3. Petitioner's motion to appoint counsel (Doc. 6) and petition for injunctive relief (Doc. 7) are **DENIED** as moot.

4. The Clerk of Court is directed to **CLOSE** this case.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: November 28, 2007.